[No. 6255.]

## NASH v. SCHOOL BOARD No. 3, IN CLEAR CREEK COUNTY.

1. Schools—State Normal School—Under the statute (Rev. Stats., §§ 6125, 6132) the state normal school is an integral part of the public school system. Its diploma, when a certified copy is filed in the office of the county superintendent of schools of any county, entitles the graduate to teach in any of the public schools of that county.—(Rev. Stats., § 6142.) Until annulled by the state superintendent of public instruction or temporarily suspended by the superintendent of schools for the county, it is equal in legal effect to any license or certificate that may be issued by any county superintendent.—(558)

The school board of a district have no power to require the graduate to submit to an examination.—(559)

2. Contracts—Construed—The resolution of the directors of a school district to employ one named as a teacher "for the ensuing school year," at a specified salary, is, when the proposition is accepted by the teacher, a contract. A condition or proviso that the teacher shall submit to an examination at a certain time, does not, even if lawfully imposed, limit the term of employment, but renders it subject to termination.—(557, 558)

*Error to Clear Creek District Court*—Hon. ALLISON H. DE FRANCE, Judge.

Mr. ROBT. Z. ADAMS and Messrs. MORRISON & DESOTO for plaintiff in error.

Mr. JOHN J. WHITE for defendant in error.

Mr. JUSTICE WHITE delivered the opinion of the court:

June 14, 1904, Margaret Nash was employed or appointed by the directors of School District No. 3, Clear Creek county, as a school teacher therein for the then ensuing school year, at $70.00 per month, and thereafter, on the 15th, advised in writing of her appointment. The notice of appointment further recited, that at a meeting of the board of directors of the school district, held June 13, 1904, the following resolution regarding the examination of teachers, was

adopted: "Resolved: That after January 1, 1905, all teachers in District No. 3, Clear Creek County, shall hold a first grade county certificate. In accepting this position, unless you already hold a first grade certificate, you will be required to pass the county examination in December, in accordance with the above resolution."

June 20th plaintiff in error accepted the appointment in the following language: "Your notice dated June 15th, 1904, containing appointment as teacher in your district for the ensuing year, was received by me in due time. I accept the appointment and am ready to sign a legal contract to that effect." No further contract was drawn, and the instruments designated above constitute the entire contract between the parties. Thereafter, in pursuance of the contract, Miss Nash commenced teaching in the public schools of the district under the direction of the board of directors, and continued to perform such duties until January 1, 1905, for which she received pay from the district. December 15th the board of directors further notified Miss Nash that she could no longer teach under the contract of employment, unless she submitted to an examination before the county superintendent of public schools, and secured a first-grade teacher's certificate, notwithstanding she was a graduate of, and held a diploma from the State Normal School, a certified copy of which she filed with the county superintendent of public schools, as required by sec. 6142, Rev. Stats. Miss Nash declined to supply herself with the county certificate exacted, and the board of directors, over her protest, on January 1st debarred her from the school building, and dispensed with her services as a teacher, though there were six months yet remaining of the school year. At the expiration of that time she brought suit, and sought to recover from the district,

as damages, the amount of the salary she would have received had she not been discharged, less the amount she had been able to earn elsewhere in her profession. The defendant, at the close of plaintiff's evidence, interposed a motion for nonsuit, which was sustained, and judgment entered accordingly. This suit is prosecuted to reverse that judgment.

Plaintiff maintains that she was employed for a definite time, to wit: for the school year ending June 30, 1905, and was wrongfully discharged; while defendant contends the employment was conditional, to terminate January 1, 1905, unless, in the meantime, plaintiff supplied herself with a first-grade county certificate.

We think the record supports the contention of plaintiff, and fails to sustain that of defendant. By resolution and notice the plaintiff was "re-appointed as teacher in District No. 3, Clear Creek county, for the ensuing school year," which by law would expire June 30, 1905. She accepted the appointment, and the joint act of appointment and acceptance created an express contract of employment for a definite time, to wit: from the beginning of the school year (July 1, 1904) until and during June 30, 1905. The requirement in the resolution was, that "after January 1, 1905," teachers in that school should "hold a first-grade county certificate," and "unless you already hold a first-grade certificate, you will be required to pass the county examination in December." Wherein can it be said that this was a limitation or condition of the employment? The employment was expressly "for the ensuing school year," as well after January 1st as before. Moreover, were we to assume that the requirement was a condition which the board could lawfully impose as a continuation of the employment, it would in no sense limit the term

of employment, but simply render it subject to termination.

But we are of the opinion that the condition imposed was, in legal effect, fully complied with by plaintiff when she filed with the county superintendent of public schools a certified copy of her diploma from the State Normal School. The necessity for instruction in the science and art of teaching was recognized by the legislature, and the establishment of the State Normal School was the result.—Rev. Stats., sec. 6125. By sec. 6132, Rev. Stats., the State Normal School is constituted an integral part of the public school system of the state. By other sections of the act, certain qualifications for admission of students therein are required; each applicant must file with the board of trustees a declaration to engage in the business of teaching in the public schools of this state. The school is authorized to grant diplomas to such students as shall have completed the full course of instruction and who shall have passed a final examination upon the branches embraced in the prescribed course of study, the examination to be conducted by the examining board consisting of the principal of the school, the state superintendent of public instruction, and a county superintendent of schools, within the state, appointed for the purpose by the governor. Such diploma, so granted, is made evidence that the receiver thereof is a graduate of the State Normal School, and entitled to all the honors and privileges of such graduates.—Rev. Stats., sec. 6141. The value of the diploma is then fixed by sec. 6142, Rev. Stats., in the following language: "The said diploma shall license the receiver thereof to teach in any of the public schools of this state, when a certified copy thereof shall have been filed in the office of the county superintendent of schools in the

county wherein such graduate is teaching, or proposes to teach.''

Until annulled by the state superintendent of public instruction, or temporarily suspended in a county by the superintendent of schools for such county, as provided in the last named section of the statute, it is, in legal effect, equal, at least, to any license or certificate that may be issued by any county superintendent of schools. The authority that created the office of county superintendent, and empowered such public official to give authority to teach in the public schools of the county, likewise created the State Normal School and declared that its diploma or license should be effective, not not only in the public schools of one county, and for a time limited, but throughout the public schools of the entire state, and for all time, unless revoked or suspended as provided by law. The diploma is, therefore, evidence of a vested, continuing right to teach, when employed, in any public school throughout the state, while the first-grade certificate issued by the county superintendent, is evidence only of a temporary right, limited to three years and confined to one county. The former, in legal effect, necessarily includes the latter. Under the law as it is, there could be no higher authority to teach in the public schools of this state, than the license held by the plaintiff. It is the mandate of the state expressed by its law-making power, and supersedes and renders useless all authority of similar character emanating from whatever source. It is not conceivable that the law-making power ever intended to vest in a board of directors of a school district, the power to substantially annul the legislative pronouncement giving value and effect to the diplomas properly issued by the State Normal School, and we have no hesitancy in declaring that the school board possesses

no such power. On the contrary, we hold that the requirement that "unless you already hold a first-grade certificate, you will be required to pass the county examination in December" was fully complied with, in legal effect, when the plaintiff produced and filed a certified copy of her diploma from the State Normal School.

The facts stated in the complaint, and supported by the evidence, were sufficient to constitute a cause of action in favor of plaintiff, and, unless rebutted, entitled her to a judgment for the actual damages by her sustained. The court erred in entering judgment of nonsuit, and the judgment is, therefore, reversed and the cause remanded.    *Reversed.*

.CHIEF JUSTICE CAMPBELL and Mr. JUSTICE BAILEY concur.

Decided February 6, A. D. 1911; rehearing denied March 6, A. D. 1911.